UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NKD MARITIME, LTD., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) February 12, 2018 |
| GMTC I, LLC and ALTERNA CAPITAL PARTNERS LLC, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT FOR DAMAGES AND INJUCTIVE RELIEF**

NKD Maritime, Ltd., by its attorneys, alleges upon information and belief, as follows:

**Parties**

1.  At all material times, plaintiff, NKD Maritime, Ltd. (hereafter "NKD") was and is a corporation organized under the laws of the United Kingdom with its principal office in London, England. NKD is an alien corporation with a foreign principal place of business.

2.  At all material times, defendant, GMTC I, LLC (hereafter "GMTC") was and is a limited liability company organized under the laws of Delaware with its sole office located at 15 River Road, Suite 320, Wilton, Connecticut 06897, where it has conducted and continues to conduct its daily business operations. GMTC has no members that are alien residents, alien citizens or alien entities. On information and belief, GMTC has failed to appoint any agent upon whom service of process may be served in the State of Connecticut; therefore, service of this Complaint may be effected upon personal service upon Earle Goldin, managing partner, or, in the further alternative, Samir Patel, principal, both of whom may be found during business hours at 15 River Road, Suite 320, Wilton, Connecticut 06897.

{N1435971 -}

3. At all material times, defendant, Alterna Capital Partners LLC (hereafter "Alterna") was and is a limited liability company organized under the laws of Delaware with its sole office located at 15 River Road, Suite 320, Wilton, Connecticut 06987, where it has conducted and continues to conduct its daily business operations. Alterna has no members that are alien residents, alien citizens or alien entities. Upon information and belief, Alterna has failed to appoint any agent upon whom service of process may be served in the State of Connecticut; therefore, service of this Complaint may be effected upon personal service upon Earle Goldin, Eric Press, or Harry Toll, Managing Partners, or, in the further alternative, Mark Satran, Partner, or Paul Schaffer, Partner and CFO, or Thomas Fritsch, General Counsel & CCO, or Nathan Dickstein, Vice President, or Samir Patel, principal, all of whom may be found during business hours at 15 River Road, Suite 320, Wilton, Connecticut 06897.

4. As more fully set forth *infra*, Alterna is the *alter ego* of GMTC or they both comprise the same business enterprise for which they should be found jointly and severally liable to NKD.

**Subject Matter Jurisdiction**

5. This Honorable Court has jurisdiction over the subject matter of this action by virtue of its diversity jurisdiction, pursuant to 28 U.S.C. § 1332(2), because the citizenship of plaintiff is completely alien from the citizenship of the defendants and the requisite amount in controversy is satisfied. Additionally, plaintiff's cause of action for wrongful arrest of the M/V HUASCAR is within this Honorable Court's admiralty and maritime jurisdiction, pursuant to 28 U.S.C. § 1333.

## Venue

6. Venue is proper in this Honorable Court pursuant to 28 U.S.C. § 1391(b)(1), because both defendants reside in Connecticut; pursuant to 28 U.S.C. § 1391(b)(2), because all substantial activities of GMTC and Alterna originated from their shared employees from their sole and shared office at 15 River Road, Suite 320, Wilton, Connecticut; and, alternatively, pursuant to 28 U.S.C. § 1391(b)(3), because this Court can properly exercise personal jurisdiction over both defendants.

## Factual Background

### I. NKD's Memorandum of Agreement to Purchase the M/V HUASCAR

7. On November 7, 2017, NKD and Nodol Trading S.A. ("Nodol") executed a Memorandum of Agreement of that same date, through which those parties agreed that NKD would purchase from Nodol the M/V HUASCAR.

8. As partial consideration for that Memorandum of Agreement, NKD was required to and did pay a deposit to Nodol in the amount of $605,797.29.

9. In accordance with the Memorandum of Agreement, Nodol was to deliver the M/V HUASCAR to NKD at the outer anchorage of Alang, India, where it was to ultimately be scrapped.

10. Upon delivery of the vessel, as well as the fulfillment / completion of other undertakings in that Memorandum of Agreement, NKD was to pay Nodol the balance of the purchase price.

11. The original period for Nodol to deliver the M/V HUASCAR to NKD was from December 1 through 31, 2017.

12. By operation Addendum No. 2 dated January 3, 2018, the period for Nodol to deliver the M/V HUASCAR was extended until January 29 through February 15, 2018, at the outer anchorage of Alang, India.

13. As more fully explained below, through the actions of GMTC and Alterna, there is no possibility for Nodol to deliver the M/V HUASCAR to NKD by February 15, 2018.

## II.  GMTC's Loan Agreement with Nodol

14. On November 9, 2017 – two days after execution of the foregoing Memorandum of Agreement – Nodol and two other entities (Bondi Shipping S.A. and Tilman Enterprises, Inc.) executed a Loan Agreement with GMTC (hereafter the "Loan Agreement"), through which Nodol was required to provide to GMTC a certified copy of that Memorandum of Agreement between Nodol and NKD within forty-five (45) days of the "Drawdown Date".

15. On November 13, 2017, the "Drawdown Date" as defined in the Loan Agreement, GMTC provided funds to Nodol totaling approximately $1.9 million to settle Nodol's loan with its previous lender that was secured by a previous mortgage on the M/V HUASCAR.

16. Nodol timely provided to GMTC the Memorandum of Agreement by December 28, 2017.

17. By December 28, 2017 at the latest, GMTC as well as its *alter ego*, Alterna, knew of the Memorandum of Agreement, including the total purchase price NKD would pay for the M/V HUASCAR as well as the amount of the deposit previously paid by NKD to Nodol.

18. The Loan Agreement clearly contemplated that Nodol would sell the M/V HUASCAR as it contains references to the "buyer" of the vessel in numerous places throughout the document.

19. Paragraph 20.26 of the Loan Agreement required Nodol to pay to GMTC upon Nodol's sale of the M/V HUASCAR the total amount of the money loaned by GMTC to Nodol to settle Nodol's prior loan plus an additional $250,000.00.

20. At all relevant times, the balance of the purchase price to be paid by NKD to Nodol exceeded $2.25 million, and thus exceeded the amount Nodol would have to pay to GMTC under the Loan Agreement as further defined by the terms of the drawdown request as concerns the amount of funds GMTC loaned Nodol to pay Nodol's previous lender.

21. Nodol's obligations to GMTC were additionally secured, in part, by a First Preferred Ship Mortgage on the M/V HUASCAR under the laws of Panama.

22. Bondi, a co-borrower of the same Loan Agreement with GMTC, received additional funds to refinance Bondi's existing loan with GMTC.

23. Bondi's obligations to GMTC were secured in part by a First Preferred Ship Mortgage under the laws of Panama on Bondi's vessel, the M/V SEA PIONEER.

### III. GMTC's Waiver of Certain Provisions of the Loan Agreement

24. The Loan Agreement required both Bondi and Nodol (but not Tilman) to maintain additional security in the amount of $250,000.00 to be held in a Retention Account for each company on or before the "Drawdown Date", November 13, 2017.

25. In the relevant drawdown request, of the funds loaned by GMTC to Bondi, $250,000.00 were designated for payment into the Bondi Retention Account.

26. In that same drawdown request, none of the funds loaned by GMTC were designated for payment into the corresponding Nodol Retention Account.

27. Nodol timely deposited the required $250,000.00 in the Nodol Retention Account.

N/A

28.  At all relevant times, the balance of the purchase price to be paid NKD to Nodol exceeded $2.25 million, and thus, when combined with the $250,000.00 previously deposited by Nodol with GMTC, exceeded the absolute total amount Nodol would have to pay to GMTC under the Loan Agreement or $2.5 million plus accrued interest.

### IV. GMTC's Arrest of the M/V SEA PIONEER in Rotterdam

29.  During early December 2017, the M/V SEA PIONEER was initially arrested in Rotterdam, The Netherlands, for Bondi or its charterer's failure to pay certain providers of necessaries or other supplies to the Vessel.

30.  As a result, Bondi advised GMTC that Bondi would relinquish ownership, custody and / or control of the M/V SEA PIONEER to GMTC if GMTC would draft the applicable Notice of Default to effect that transfer of ownership, custody and / or control.

31.  On January 10, 2018, GMTC forwarded to Bondi, Nodol and others, a Notice of Default, a true and correct copy of which is attached as Exhibit E.

32.  GMTC subsequently intervened in the Rotterdam arrest proceedings and attempted to foreclose on the mortgage secured by the SEA PIONEER.

33.  The SEA PIONEER is presently scheduled for a public sale on or about March 11 or 12, 2018.

### V. GMTC's Arrest and Threatened Private Sale of the HUASCAR in Walvis Bay, Namibia

34.  En route to the scheduled location for delivery to NKD – the outer anchorage of Alang, India - the M/V HUASCAR berthed in Walvis Bay, Namibia to take on fuel and / or other supplies for the remainder of that voyage.

35.  On January 16, 2018, suppliers of bunker fuel to the vessel caused her to be arrested through Nodol or the vessel charterer's previous failure to pay for those bunkers.

36. Subsequently, in late January / early February 2018, GMTC also caused the HUASCAR to be arrested at the direction of the High Court of Namibia for alleged breach of the payment provisions of the Loan Agreement.

37. At the time of GMTC's arrest of the HUASCAR, GMTC and Alterna knew that the purchase price NKD had agreed to pay Nodol for that vessel exceeded Nodol's individual indebtedness to GMTC as set forth in the drawdown request.

38. Despite the foregoing, GMTC and Alterna have refused to let NKD provide security to release the vessel from arrest from the bunker suppliers as well as to subsequently purchase the vessel from Nodol and thereby discharge the portion of the Loan Agreement attributable to Nodol.

39. GMTC and Alterna have the option to sell the HUASCAR via public auction through which NKD could participate, or through the option of selling the HUASCAR to NKD via private treaty or other denomination of a "private sale".

40. Instead, GMTC and Alterna have requested that the HUASCAR be sold via private treaty or other denomination of a "private sale" thereby excluding NKD as a prospective buyer from GMTC.

41. Upon information and belief, the party to whom GMTC and Alterna wish to sell the vessel *via* private sale is a new competitor of NKD based in Greece, which GMTC and / or Alterna are financing or agreeing to provide other financing support.

42. Alternatively, and upon information and belief, the party to whom GMTC and Alterna wish to sell the vessel *via* private sale is managed and operated by the principals of Nodol.

43. GMTC and Alterna's decision to conduct a "private sale" to the exclusion of NKD is without justification under the applicable law, and is designed in large part to prejudice NKD's

rights and benefits under its Memorandum of Agreement with Nodol, including the loss of NKD's previous deposit paid to Nodol.

### First Cause of Action – Tortious Interference with Contractual Relations

44. GMTC and Alterna are liable to NKD for tortious interference with NKD's contractual relations with Nodol.

45. NKD's Memorandum of Agreement with Nodol, dated November 7, 2017, is a contract.

46. GMTC and Alterna knew of the Memorandum of Agreement between NKD and Nodol, dated November 7, 2017, prior to issuance of the January 10, 2018, Default Notice, the subsequent arrest of the HUASCAR in Walvis Bay at the request of GMTC, and GMTC and Alterna's decision to conduct the sale of the HUASCAR *via* private treaty or other denomination of a private sale to a third party other than NKD.

47. The foregoing actions by GMTC and Alterna were based on misrepresentations to the various parties and courts and were directed with a view towards prejudicing NKD's ability to purchase the HUASCAR in accordance with the Memorandum of Agreement, in favor of a third party that was attempting to set up a competing business with NKD to be financed by GMTC or another affiliate of Alterna, or, alternatively, to conspire with Nodol to avoid repayment to NKD of its deposit paid for the HUASCAR.

48. GMTC and Alterna's acts, omissions and foregoing conduct were a proximate cause of NKD's inability to earn a profit from its ownership of the HUASCAR, as well as other damages, compensatory and punitive, as well as attorney's fees, costs and injunctive relief as set forth in greater detail herein.

49. This First Cause of Action arises under the common law of Connecticut, or, in the alternative, the common law of England and the United Kingdom.

**Second Cause of Action – Tortious Interference with Business Relations**

50. GMTC and Alterna are liable to NKD for tortious interference with NKD's business relations with Nodol.

51. NKD's Memorandum of Agreement with Nodol, dated November 7, 2017, demonstrated the business relationship between NKD and Nodol.

52. GMTC and Alterna knew of the Memorandum of Agreement between NKD and Nodol, dated November 7, 2017, prior to issuance of the January 10, 2018, Default Notice, the subsequent arrest of the HUASCAR in Walvis Bay at the request of GMTC, and GMTC and Alterna's decision to conduct the sale of the HUASCAR *via* private treaty or other denomination of a private sale to a third party other than NKD.

53. The foregoing actions by GMTC and Alterna were based on misrepresentations to the various parties and Courts and were motivated with a view towards prejudicing NKD's ability to purchase the HUASCAR in accordance with the Memorandum of Agreement, in favor of a third party that was attempting to set up a competing business with NKD to be financed by GMTC or another affiliate of Alterna, or, alternatively, to conspire with Nodol to avoid repayment to NKD of its deposit paid for the HUASCAR.

54. GMTC and Alterna's acts, omissions and foregoing conduct were a proximate cause of NKD's inability to earn a profit from its ownership of the HUASCAR, as well as other damages, compensatory and punitive, as well as attorney's fees, costs and injunctive relief as set forth in greater detail herein.

55. This Second Cause of Action arises under the common law of Connecticut, or, in the alternative, the common law of England and the United Kingdom.

### Third Cause of Action – Wrongful Arrest

56. GMTC and Alterna's conduct under the circumstances comprises adequate and equitable grounds to vacate the arrest of the HUASCAR.

57. GMTC and Alterna arrested the HUASCAR in bad faith under the applicable law or they were at least grossly negligent in doing so, thereby comprising the wrongful arrest of that vessel.

58. As a result of the wrongful arrest of the HUASCAR at the request of GMTC and Alterna, NKD is unable to provide acceptable security to the other arresting parties to release the vessel from arrest as well as to enable NKD to complete its intended purchase of the vessel.

59. GMTC and Alterna's wrongful arrest of the HUASCAR was a proximate cause of NKD's ability to earn a profit from its ownership of the HUASCAR, as well as other damages, compensatory and punitive, as well as attorney's fees, costs and injunctive relief as set forth in greater detail herein.

60. This Third Cause of Action arises under the General Maritime Law of the United States or alternatively, to the extent such a cause of action would be recognized, under the laws of Namibia.

### Fourth Cause of Action – Abuse of Process

61. NKD reserves its rights to assert a cause of action against GMTC and Alterna based on their abuse of process through requesting the arrest of the HUASCAR as well as their request for the sale of the of the HUASCAR via "private treaty" or other denomination of a private sale of the vessel to a third party and not NKD.

62. NKD reserves its rights to amend this Complaint upon conclusion of the Namibian arrest proceedings involving the HUASCAR to more accurately allege and aver its cause of action for abuse of process.

63. This Fourth Cause of Action arises under the common law of Connecticut.

### Fifth Cause of Action – Vexatious Litigation

64. NKD reserves its rights to assert a cause of action against GMTC and Alterna based on their commencement of vexatious litigation through requesting the arrest of the HUASCAR as well as their request for the sale of the of the HUASCAR via "private treaty" or other denomination of a private sale of the vessel to a third party and not NKD.

65. NKD reserves its rights to amend this Complaint upon conclusion of the Namibian arrest proceedings involving the HUASCAR to more accurately allege and aver its cause of action for vexatious litigation.

66. This Fifth Cause of Action arises under the common law of Connecticut.

### Sixth Cause of Action – Connecticut Unfair Trade Practices Act

67. GMTC and Alterna are liable to NKD for breach of the Connecticut Unfair Trade Practices Act, Connecticut General Statutes § 42-110 *et seq*.

68. The foregoing acts by GMTC and Alterna were in the conduct of their primary trade and commercial activities and offend the public policy of Connecticut as established by the precepts of unfairness that form the basis for the torts of tortious interference with contractual relations, tortious interference with business relations, abuse of process, and vexatious litigation, as more particularly alleged above, in accordance with the common law of Connecticut as well as the tort of wrongful arrest of a vessel under the General Maritime Law of the United States.

69.     The foregoing acts by GMTC and Alterna were immoral, unethical, oppressive and unscrupulous and occurred in the conduct of their trade as lenders and venture capitalists.

70.     As a direct and proximate result of GMTC and Alterna's conduct, NKD has suffered an ascertainable loss of its funds as well as property, the HUASCAR.

**Damages**

71.     As a proximate cause of GMTC and Alterna's tortious interference with contractual relations, tortious interference with business relations, wrongful arrest, abuse of process, and vexatious litigation, NKD has experienced the foregoing damages and losses:

   a.   Loss of deposit in the amount of $605,797.29;

   b.   Loss of profit and/or future revenues;

   c.   Attorney's fees incurred in this action and in the Namibian arrest proceedings;

   d.   Other expenses, including travel and lodging incurred during negotiations in Greece after the arrest of the SEA PIONEER and HUASCAR;

   e.   All costs of this proceeding as well as the costs incurred in the Namibian arrest proceedings; and

   f.   Other damages to be shown at the trial of this matter.

72.     As the result of GMTC and Alterna's reckless indifference, intentional and wanton interference with NKD's contractual and business relations with Nodol, NKD is entitled to recover punitive damages in an amount to be set in the discretion of the Court.

**Injunctive Relief**

73. Under the common law of Connecticut, NKD is entitled to injunctive relief against GMTC and Alterna for their tortious interference with contractual relations, tortious interference with business relations and violation of the Connecticut Unfair Trade Practices Act.

74. During the pendency of this civil action, NKD will file a motion for preliminary injunction in accordance with Fed. R. Civ. P. 65, including a memorandum in support of that motion, requesting the Court enter an Order to restrain, prohibit and prevent GMTC and / or Alterna, and their respective managing partners, partners, principals, directors, employees, agents as well as their attorneys, counsel, solicitors and barristers from proceeding further with any attempted sale of the HUASCAR *via* private treaty or otherwise denominated private sale to anyone other than NKD, during the earlier of the following events: (1) the trial of this action on the merits; (2) until the HUASCAR is sold *via* private sale to NKD; or, (3) until the HUASCAR is sold at public auction or sale.

75. In the absence of such preliminary injunction, NKD will be irreparably deprived of ownership of the HUASCAR upon which NKD has already paid a deposit totaling 20% of the original purchase price.

76. Upon information and belief, the intended third party purchaser of the HUASCAR *via* private treaty or other denomination of a private sale is a Greek business entity over which the courts of the United States will have no personal jurisdiction and through which NKD will be deprived of any adequate remedy for damages at law.

77. Alternatively, upon information and belief, the intended third party purchaser of the HUASCAR via private treaty or other denomination of private sale is a new business entity managed and operated by the principals of Nodol over which the courts of the United States will

have no personal jurisdiction and through which NKD will be deprived of any adequate remedy for damages at law.

### *Alter Ego* Status of Alterna and GMTC

78. GMTC and Alterna are liable jointly and severally to NKD because they are *alter egos* of each other or comprise a single business enterprise.

79. Evidence of their status as *alter egos* / a single business enterprise include:

   a. They share the same business address, telephone, facsimile and electronic e-mail addresses;

   b. Samir Patel, who signed the Loan Agreement and the Notice of Default on behalf of GMTC, is a Principal of Alterna. See www.alternacapital.com/team/.

   c. Alterna caused the formation of GMTC.

   d. Other evidence to be presented at trial that Alterna so dominates the company acts and activities of GMTC that their status as separate limited liability companies should be disregarded by the Court.

WHEREFORE, NKD Maritime, Ltd. prays that:

A. That this Complaint be deemed good and sufficient, and that legal process be issued, according to the practices of this Honorable Court, and directed to and served upon GMTC I, LLC, through personal service on Earle Goldin, managing partner, or, in the further alternative, Samir Patel, principal, both of whom may be found during business hours at 15 River Road, Suite 320, Wilton, Connecticut 06897, as well as be directed to and served upon Alterna Capital Partners LLC, through personal service on Earle Goldin, Eric Press, or Harry Toll, Managing Partners, or, in the further alternative, Mark Satran, Partner, or Paul Schaffer, Partner and CFO, or Thomas Fritsch, General Counsel & CCO, or Nathan Dickstein, Vice President, or Samir Patel, principal,

all of whom of whom may be found during business hours at 15 River Road, Suite 320, Wilton, Connecticut 06897;

B.      That after expiration of the legal delays, that GMTIC I, LLC and Alterna Capital Partners LLC be found jointly and severally liable to plaintiff, NKD Maritime, Ltd., for all damages that are appropriate under the circumstances, including loss of deposit in the amount of $605,797.29; loss of profit or future revenues; other damages to be shown at the trial of this matter; punitive damages; attorney's fees incurred in this action and in the Namibian arrest proceedings; other expenses, including travel and lodging incurred during negotiations in Greece after the arrest of the SEA PIONEER and HUASCAR; and all costs of this proceeding as well as the costs incurred in the Namibian arrest proceedings;

C.      That this Court, after filing of the appropriate motion and a hearing if required by the Court, enter a preliminary injunction in favor of NKD and against GTMC and Alterna, jointly and severally, as well as their respective managing partners, partners, principals, directors, employees, agents as well as their attorneys, counsel, solicitors and barristers from proceeding further with any attempted sale of the HUASCAR *via* private treaty or otherwise denominated private sale to anyone other than NKD, which injunction shall expire after the occurrence of the earlier of the following events: (1) trial of the merits of this action; (2) the HUASCAR is sold *via* private sale to NKD; or, (3) until the HUASCAR is sold at public auction or sale;

D.      That NKD Maritime, Ltd. be granted such other, further or different relief as the Court deems just and proper.

|  | The Plaintiff,<br>NKD Maritime, Ltd. |
|---|---|
| By: | *[signature]* |

Patrick F. Lennon (CT 11950)
Anne C. LeVasseur (CT 26757)
LENNON, MURPHY & PHILLIPS, LLC
1599 Post Road East
Westport, CT  06880
(203) 256-8600
(203) 256-8615 fax
pfl@lmplaw.net
acl@lmpclegal.com

and

James D. Bercaw
Motion for admission pro hac vice to be filed
KING, KREBS & JURGENS, P.L.L.C.
201 St. Charles Avenue, Suite 4500
New Orleans, LA  70170
(504) 582-3800
(504) 582-1233 fax
jbercaw@kingkrebs.com